**Affirm and Opinion Filed July 3, 2013**



In The
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-12-01403-CR**

**LAWRENCE MARCUS WARD, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the County Court at Law No. 5**
**Collin County, Texas**
**Trial Court Cause No. 005-85696-2011**

## MEMORANDUM OPINION

Before Justices Moseley, Bridges, and Lang-Miers
Opinion by Justice Lang-Miers

Appellant Lawrence Marcus Ward was charged with possession of alprazolam, a controlled substance. He waived his right to a jury trial and pleaded not guilty. After a nonjury trial the trial court found appellant guilty, sentenced him to 120 days in county jail, suspended the sentence, placed appellant on community supervision for 15 months, and ordered appellant to perform 40 hours of community service. On appeal appellant argues that he received ineffective assistance of counsel because his trial counsel failed to call appellant and his mother as witnesses during trial. We resolve appellant's issue against him and affirm. We issue this memorandum opinion pursuant to Texas Rule of Appellate Procedure 47.4 because the law to be applied in this case is well settled.

Officer Jaime Cisneros, the sole witness at appellant's trial, testified about the circumstances surrounding appellant's arrest. Officer Cisneros responded to a reckless driving call and came upon a vehicle in the middle of the roadway. There was smoke coming out of the vehicle and it had front-end damage. Appellant was outside the vehicle leaning against it. Appellant acted lethargic and his eyes were glassy and drowsy. Appellant told Officer Cisneros that he had not been drinking or using illicit drugs, but that he had taken some cold medicine. Officer Cisneros conducted field sobriety tests and placed appellant under arrest for DWI. Officer Cisneros believed that the source of appellant's intoxication was "[i]ntroduction of dangerous drugs, a controlled substance," because Officer Cisneros did not detect an odor of alcohol and because appellant had a white coating and a green coating on his tongue. Appellant consented to a search of the vehicle. In the center console Officer Cisneros found a prescription bottle along with two pills in a plastic bag. The drugs were white and green, matching the coating on appellant's tongue.

In addition to Officer Cisneros's testimony, the State also introduced a stipulation of evidence in which the parties stipulated that (1) the vehicle at issue was registered to appellant's mother's husband, (2) one of the drugs found in the vehicle was alprazolam, and (3) the results of appellant's blood test were positive for alprazolam.

Appellant's counsel did not call any witnesses, but he introduced into evidence a business records affidavit and prescription showing that appellant's mother had been prescribed Xanax, the brand name of the generic drug alprazolam, shortly before appellant's arrest. During his closing argument appellant's counsel argued, among other things, that (1) the drugs probably belonged to appellant's stepfather and mother, (2) there was "no evidence at all that shows that [appellant] was ever even inside that car," and (3) there was no evidence of when appellant

–2–

consumed the alprazolam that was found in his system. The trial court found appellant guilty, sentenced him to 120 days in county jail, suspended the sentence, placed appellant on community supervision for 15 months, and ordered appellant to perform 40 hours of community service.

After appellant's trial counsel withdrew, appellant filed a motion for new trial on September 21, 2012, in which he argued that his trial counsel was ineffective because he "failed to call an exonerating witness at trial." The motion does not identify the witness or describe what testimony the witness would have offered or how it would have benefitted appellant. The motion states that it is supported by appellant's affidavit, but there is no affidavit attached. On September 24, 2012 the trial court signed an order stating that it conducted a hearing on appellant's motion for new trial and that the motion was denied. The appellate record does not contain a transcript of that hearing.

We examine ineffective assistance of counsel claims by the standard set out in *Strickland v. Washington*, 466 U.S. 668 (1984). To obtain reversal based on ineffective assistance of counsel, an appellant must show that (1) counsel's representation fell below an objective standard of reasonableness, and (2) a reasonable probability exists that, but for counsel's errors, the result of the proceeding would have been different. *See Andrews v. State*, 159 S.W.3d 98, 101 (Tex. Crim. App. 2005). Our review of counsel's performance must be highly deferential. *Id.* There is a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance, and the defendant must overcome that presumption. *Id.* We determine the reasonableness of counsel's challenged conduct in context, and view it as of the time of counsel's conduct. *Id.* An ineffective assistance claim must be "firmly founded in the record,"

and the record must affirmatively demonstrate that the claim has merit. *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005).

On appeal appellant argues that his counsel was ineffective because he failed to call appellant and his mother as witnesses in order to prove that the alprazolam belonged to appellant's mother. Because a silent record provides no explanation for counsel's actions, the record on direct appeal is usually not sufficient to show that counsel's representation was so deficient and so lacking in tactical or strategic decisionmaking as to overcome the presumption that counsel's conduct was reasonable and professional. *Cannon v. State,* 252 S.W.3d 342, 349 (Tex. Crim. App. 2008); *Rylander v. State*, 101 S.W.3d 107, 110–11 (Tex. Crim. App. 2003). Furthermore, counsel should ordinarily be given an opportunity to explain his actions before being condemned as unprofessional or incompetent. *Rylander*, 101 S.W.3d at 111; *Bone v. State*, 77 S.W.3d 828, 836 (Tex. Crim. App. 2002). Consequently, the Texas Court of Criminal Appeals has repeatedly explained that an application for writ of habeas corpus is usually the more appropriate vehicle to raise claims of ineffective assistance of counsel. *See, e.g.*, *Rylander,* 101 S.W.3d at 110.

In this case, appellant did not introduce any evidence relating to his counsel's reasoning or rationale for not calling appellant and his mother as witnesses. As a result, we cannot conclude that the record firmly demonstrates that counsel's performance fell below an objective standard of reasonableness. *See generally Goodspeed,* 187 S.W.3d at 392 (noting appellate courts ordinarily will not declare trial counsel ineffective without a record showing counsel had an opportunity to explain himself).

We resolve appellant's sole issue against him and affirm.

/ Elizabeth Lang-Miers/
ELIZABETH LANG-MIERS
JUSTICE

Do Not Publish
Tex. R. App. P. 47
121403F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

LAWRENCE MARCUS WARD, Appellant

No. 05-12-01403-CR       V.

THE STATE OF TEXAS, Appellee

On Appeal from the County Court at Law No. 5, Collin County, Texas
Trial Court Cause No. 005-85696-2011.
Opinion delivered by Justice Lang-Miers.
Justices Moseley and Bridges participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered July 3, 2013

/Elizabeth Lang-Miers/
ELIZABETH LANG-MIERS
JUSTICE